# United States Court of Appeals
## For the First Circuit

No. 20-1322

UNITED STATES,

Appellee,

v.

ALLAH MALLORY, a/k/a Parod,

Defendant - Appellant.

Before

Barron, <u>Chief Judge</u>,
Howard and Gelpí, <u>Circuit Judges</u>.

**JUDGMENT**

Entered: June 6, 2022

Defendant-appellant Allah Mallory appeals from his conviction, following a jury trial, on a drug charge. He has filed a counseled brief and reply brief, asserting improper closing arguments on the part of the government. Defendant has also filed an additional pro se brief, which, as an initial matter, is accepted for filing. The pro se brief asserts that defendant's confrontation clause rights were violated at trial. The government has filed a motion for summary disposition. We affirm.

Even assuming that the claim was fully preserved and that the government's closing was improper in the manner Defendant suggests, any potential prejudice was sufficiently dispelled by the district court's contemporaneous curative instruction, rendering any error harmless. <u>See</u> <u>United States</u> v. <u>Mangual-Garcia</u>, 505 F.3d 1, 7 (1st Cir. 2007) ("This court has repeatedly held that a strong, explicit, and thorough curative instruction to disregard improperly admitted evidence or improper comments by the prosecutor is generally sufficient to cure any prejudice from prosecutorial misconduct in that regard."); <u>see also</u> <u>United States</u> v. <u>Rojas</u>, 758 F.3d 61, 64 (1st Cir. 2014) (applying harmless error review to claim that prosecutor had made inappropriate comments during closing). We further conclude that the confrontation clause was not implicated in the manner Defendant suggests, as the evidence about which Defendant's pro se claim centers -- evidence regarding the purity levels of relevant controlled substances -- was not actually introduced at trial.

AFFIRMED. See 1st Cir. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Megan Anne Siddall
Allah Mallory
Timothy E. Moran
Donald Campbell Lockhart
Karen Lisa Eisenstadt